*E-filed 9/30/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YU-PING CHENG, TOW-MING SIOW, ALAN LIU, WILLIAM CHAN, PAUL BEACH, ERIC CHEN and PAULA CHEN,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>INFOLOAN, INC. VERTIMAX VENTURES, INC., JOHN CHEN and JOSEPH CHEN,<br><br>　　　　Defendants.<br>_____/<br>INFOLOAN, INC. VERTIMAX VENTURES, INC., JOHN CHEN and JOSEPH CHEN,<br><br>　　　　Cross-Complainants,<br><br>　v.<br><br>YU-PING CHENG, TOW-MING SIOW, ALAN LIU, WILLIAM CHAN, PAUL BEACH, ERIC CHEN and PAULA CHEN,<br><br>　　　　Cross-Defendants.<br>_____/ | Case No. C03-01299 JW<br><br>ORDER DENYING THE PARTIES' STIPULATED REQUEST TO CONTINUE THE HEARING ON DEFENDANT'S MOTION TO COMPEL |

On September 27, 2005, the parties filed a stipulation purporting to continue the October 4, 2005 hearing on defendant's motion to compel until October 25, 2005. The court rejects the parties' stipulation.

1    This motion to compel was filed back in March of this year. It was originally referred to a
2 different magistrate judge, and later transferred to this court for hearing, which, after several delays, was
3 set for July 26, 2005. On July 25, 2005, the day before the hearing on the motion, the parties filed a
4 stipulation continuing the hearing to the presently scheduled date. The stipulation stated that "[t]he
5 parties have recently engaged in discussion regarding the issues set forth in Defendant's motion and
6 believe that they may have reached resolution of many such issues." The court accepted the parties
7 stipulation, but ordered, on August 29, 2005, that the parties submit individual declarations no later than
8 September 20, 2005, identifying the issues raised by the motion that had been resolved by the meet and
9 confer efforts and describing those that remained for the court's determination.

10   On September 20, 2005, defendant's counsel, William Siamas, filed a document stating that "all
11 of the issues tendered by the motion to compel remain at issue."[1] While this document hardly met the
12 requirements of the court's August 29, 2005 order, it was more than the effort made by plaintiffs, who
13 failed to file anything at all.

14   On September 21, 2005, after being contacted by the court's staff, plaintiffs' counsel, David Lin,
15 filed an unsworn document entitled "Opposition and Response to Defendant's . . . Motion to Compel,"
16 which stated:

> Plaintiff's counsel has advised Defense counsel of his clients' intent and willingness to address the alleged additional deficiencies pertaining to the supplemental responses provided such that it is fully expected that all remaining discovery issues pertinent to these responses will have been fully satisfied to the satisfaction of the parties involved. As such, Plaintiffs and Defendants fully expect that the present discovery dispute will be resolved and moot such that the hearing on this Motion should be properly taken off-calendar.

21   The parties now stipulate, less than one week before hearing date, to continue the hearing on this
22 motion yet again. In this stipulation, the parties state that "[p]laintiff's [sic] counsel has experienced some
23 delays in obtaining necessary signatures in relation to the discovery matters at issue, and the parties are
24 continuing to attempt to resolve the outstanding issues prior to the hearing on the motion." At this point,
25 however, the court doubts the parties will ever resolve the motion on their own.

---

[1] While the paper filed was titled "Declaration Re: Remaining Issues on Motion to Compel," it's veracity was not sworn to under penalty of perjury. Moreover, the issues in this motion seemingly changed from the time of the original filing to the time that the Reply was filed. What issues actually remain?

2

Moreover, Civil Local Rule 7-7(b)(1), cited by the parties in their most recent stipulation, reads as follows: "When the parties affected by the motion have not previously stipulated to continue the hearing date . . . the parties affected by the motion may stipulate in writing pursuant to Civil L.R. 6-1(a) to continue the hearing date."  The plain meaning of this rule is that when parties have previously stipulated to continue a hearing date, they may not do so again without permission of the court.  Here, the court declines to grant permission.

Accordingly, unless this motion is withdrawn, counsel are ordered to appear on October 4, 2005 at 10:00 am in Courtroom 2, for the hearing on this motion.  Since the previously submitted declarations about issues not yet resolved were so unhelpful, each counsel shall be prepared to explain in detail exactly what remains and why.

**IT IS SO ORDERED.**

Dated: 9/30/05

/s/ Howard R. Lloyd

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

| | |
|---|---|
| Mark B. Fredkin | mfredkin@mffmlaw.com, mramos@mffmlaw.com, siamas@mffmlaw.com, gdent@mffmlaw.com, jlira@mffmlaw.com |
| David A. Kays | rfwk@rfwk.com |
| David S. Lin | dlinlaw@sbcglobal.net |

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  9/30/05

                                        /s/ RNR
                         Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California

4